IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, *Plaintiffs*, v. COMMODORE CARTAGE COMPANY, A Michigan corporation, *Defendant*. | Case No. 25-cv-3529 Judge Manish S. Shah Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

NOW COME Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, trustee (collectively, "Central States"), and hereby submit their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support, Central States states:

1. Central States filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq.*, to collect withdrawal liability from Defendant Commodore Cartage Company ("Commodore"). (Paragraphs 1 of Plaintiffs' L.R. 56.1(a)(3) Statement of Material Facts ("SMF ¶ __".)

2. This Court has jurisdiction pursuant to ERISA §§ 502(e), 502(f), and 4301(c), 29 U.S.C. §§ 1132(e), 1132(f), 1451(c). Venue lies in this District under ERISA §§ 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2), 1451(d). (SMF ¶¶ 2, 3.)

3. The Pension Fund is a multiemployer pension plan within the meaning of ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37), 1301(a)(3). Plaintiff Charles A. Whobrey is a

Trustee and fiduciary of the Pension Fund and serves as plan sponsor under ERISA § 4001(a)(10), 29 U.S.C. § 1301(a)(10). (SMF ¶¶ 3–5.)

4. Defendant Commodore is or was a corporation organized under the laws of the State of Michigan. (SMF ¶ 6.)

5. During all relevant times, Commodore was bound by collective bargaining agreements with a local union affiliated with the International Brotherhood of Teamsters requiring it to make pension contributions on behalf of certain employees. (SMF ¶ 7.)

6. On or about December 16, 2012, Commodore permanently ceased covered operations and/or its obligation to contribute to the Pension Fund, thereby effecting a complete withdrawal within the meaning of 29 U.S.C. § 1383. (SMF ¶ 8.)

7. As a result of the withdrawal, Commodore incurred withdrawal liability to the Pension Fund in the principal amount of $1,339,332.93, as determined under 29 U.S.C. § 1381(b). (SMF ¶ 9.)

8. On or about January 25, 2013, the Pension Fund issued and Commodore received a Notice and Demand for Payment of Withdrawal Liability pursuant to 29 U.S.C. §§ 1382(2) and 1399(b)(1). (SMF ¶ 10.)

9. The Notice and Demand required Commodore to discharge its liability in a lump sum of $1,339,332.93 or in monthly installments beginning February 1, 2013. (SMF ¶ 11.)

10. Commodore made its monthly payments through July 1, 2024, but failed to make the payment due August 1, 2024, or any subsequent payments. (SMF ¶ 12.)

11. On or about December 20, 2024, Commodore received a Past Due Notice and Demand pursuant to 29 U.S.C. § 1399(c)(5)(A), advising that its payments were delinquent and warning of acceleration and default. (SMF ¶ 13.)

12. Since receiving the Past Due Notice, Commodore has not made any further payments. (SMF ¶ 14.)

13. Although Commodore initiated arbitration under 29 U.S.C. § 1401(a)(1), it later dismissed the arbitration with prejudice, and the amounts assessed are now due and owing pursuant to 29 U.S.C. § 1401(b)(1). (SMF ¶ 15.)

14. Commodore's failure to make its required payments constitutes a default under 29 U.S.C. § 1399(c)(5). (SMF ¶ 16.)

15. The principal balance currently owed to the Pension Fund is $1,260,423.93. (SMF ¶ 17.)

16. The material facts set forth above are undisputed. Under 29 U.S.C. §§ 1399(c)(5) and 1401(b)(1), Central States is entitled to summary judgment as a matter of law.

17. In support of this Motion, Central States has filed herewith Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment and Plaintiffs' L.R. 56.1(a)(3) Statement of Material Facts.

18. On December 19, 2025, Plaintiffs advised Defendant's counsel that Plaintiffs intended to proceed with a motion for summary judgment and requested that Defendant advise whether it objected; Defendant's counsel did not respond. (SMF ¶ 21.)

WHEREFORE, for the reasons set forth herein and in Plaintiffs' supporting Memorandum of Law, Central States respectfully requests that this Court enter summary judgment in its favor and against Defendant Commodore Cartage Company for the withdrawal liability principal of $1,260,423.93, together with interest, the greater of interest or liquidated damages under 29 U.S.C. § 1132(g)(2), and reasonable attorneys' fees and costs. Upon entry of judgment, Central States will submit an affidavit to establish the precise amounts of interest, damages, and fees.

Respectfully submitted,

*/s/ Cara M. Anthaney*
(ARDC #6304583)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-939-2367
canthane@centralstatesfunds.org

December 30, 2025                         *ATTORNEY FOR PLAINTIFFS*