IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee,<br><br>*Plaintiffs,*<br><br>v.<br><br>COMMODORE CARTAGE COMPANY, A Michigan corporation,<br><br>*Defendant*. | Case No. 25-cv-3529<br><br>Judge Manish S. Shah<br><br>Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFFS' LOCAL RULE 56.1(a)(3) STATEMENT OF MATERIAL FACTS**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund"), and Charles A. Whobrey, trustee (collectively, "Central States"), hereby submit their Local Rule 56.1(a)(3) Statement of Material Facts.

**I.     Jurisdiction and Venue.**

1.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 et seq. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c). (Answer to Complaint, Dkt. No. 14 at ¶ 2, hereinafter "Answer, Ex. A, ¶ _.")

2.     Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's

Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability. (Answer, Ex. A, ¶ 3.)

## II. Parties.

3. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). (Answer, Ex. A, ¶ 4.)

4. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois. (Answer, Ex. A, ¶ 5.)

5. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability. (Answer, Ex. A, ¶ 6.)

6. Defendant Commodore Cartage Company ("Commodore") is a corporation organized under the laws of the State of Michigan. (Answer, Ex. A, ¶ 7.)

## III. Commodore's participation in and withdrawal from the Pension Fund.

7. During all relevant times, Commodore was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters under which Commodore was required to make contributions to the Pension Fund on behalf of certain of its employees. (Answer, Ex. A, ¶ 9.)

8. The Pension Fund determined that on or about December 16, 2012, Commodore permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently

ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383. (Answer, Ex. A, ¶ 10; Paragraph 4 of the Affidavit of Daniel L. Shepard, Exhibit B ( hereinafter "Shepard Aff. ¶ __, Ex. B").)

9. As a result of the complete withdrawal, Commodore incurred withdrawal liability to the Pension Fund in the principal amount of $1,339,332.93, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b). (Answer, Ex. A, ¶ 11; Shepard Aff. ¶ 5, Ex. B.)

10. On or about January 25, 2013, Commodore received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). (Answer, Ex. A, ¶ 12; Shepard Aff. ¶ 6, Ex. B.)

11. In the notice and demand, the Pension Fund notified Commodore that it was required to discharge its withdrawal liability in a lump sum payment of $1,339,332.93 or in monthly payments, with the first payment due on or before February 1, 2013. (Answer, Ex. A, ¶ 13.)

12. Commodore remitted the payments that were due on or before the first day of each month for the period of February 1, 2013 through July 1, 2024. However, Commodore has not made any further withdrawal liability payments, including its monthly withdrawal liability payment that was due on or before August 1, 2024. (Answer, Ex. A, ¶ 14; Shepard Aff. ¶ 7, Ex. B.)

13. On or about December 20, 2024, Commodore received a notice from the Pension Fund, pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due, and which forewarned Commodore of the

consequences of its failure to pay such withdrawal liability. (Answer, Ex. A, ¶ 15.) (Shepard Aff. ¶ 8, Ex. B.)

14. Since receiving the past due notice, Commodore has not made any payments. (Answer, Ex. A, ¶ 16.)

15. Although Commodore initiated arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1) to dispute the withdrawal liability, Commodore later dismissed the arbitration with prejudice. Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1). (Answer, Ex. A, ¶ 17.)

16. Commodore failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). (Answer, Ex. A, ¶ 18.)

17. The principal balance on the withdrawal liability is $1,260,423.93. (Paragraph 1 of Plaintiffs' First Set of Requests for Admission, attached as Exhibit 1 to the Affidavit of Cara M. Anthaney, Exhibit C ( hereinafter "Anthaney Aff. ¶ __, Ex. C").)

18. Under the Pension Fund's Trust Agreement, the Pension Fund computes and charges interest on delinquent withdrawal liability at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged. (Shepard Aff. ¶ 9, Ex. B.)

19. The Pension Fund's Trust Agreement provides for liquidated damages in the amount of 20% of the delinquent withdrawal liability. (Shepard Aff. ¶ 10, Ex. B.)

20. The Pension Fund's Trust Agreement provides that the Pension Fund is entitled to post-judgment interest on the entire withdrawal liability judgment balance at an annualized interest

rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth day of the month for which the interest is charged, compounded annually. (Shepard Aff. ¶ 11, Ex. B.)

21. On December 19, 2025, Plaintiffs advised Defendant's counsel that Plaintiffs intended to proceed with a motion for summary judgment and requested that Defendant advise whether it objected; Defendant's counsel did not respond. (Anthaney Aff. ¶ 5, Ex. C.)

                Respectfully submitted,

                */s/ Cara M. Anthaney*
                (ARDC #6304583)
                CENTRAL STATES FUNDS
                Law Department
                8647 W. Higgins Road, 8th Floor
                Chicago, Illinois 60631
                847-939-2367
                canthane@centralstatesfunds.org

December 30, 2025          *ATTORNEY FOR PLAINTIFFS*