# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) |
| *Plaintiffs*, | ) Case No. 25-cv-3529 ) |
| v. | ) Judge Manish S. Shah ) |
| COMMODORE CARTAGE COMPANY, a Michigan corporation, | ) Magistrate Judge Gabriel A. Fuentes ) ) |
| *Defendants*, | ) |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant, COMMODORE CARTAGE COMPANY, by and through its counsel, ALLOCCO, MILLER & CAHILL, P.C., for its response to the Plaintiffs' Complaint. Defendant states as follows:

## JURISDICTION AND VENUE

1.     This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

**ANSWER:** Defendant admits the allegations in Paragraph 1.

2.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

**ANSWER:** Defendant admits the allegations in Paragraph 2.

3.     Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension

Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

**ANSWER:** Defendant admits the allegations in Paragraph 3.

## PARTIES

4.     The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5.     Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

**ANSWER:** Defendant admits the allegations in Paragraph 5.

6.     Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

**ANSWER:** Defendant admits the allegations in Paragraph 6.

7.     Defendant Commodore Cartage Company ("Commodore") is or was a corporation organized under the laws of the State of Michigan.

**ANSWER:** Defendant admits the allegations in Paragraph 7.

## **CLAIM FOR RELIEF**

8.      Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

**ANSWER:** Defendant restates its answers to Paragraphs 1 through 7 of the Complaint.

9.      During all relevant times, Commodore was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters under which Commodore was required to make contributions to the Pension Fund on behalf of certain of its employees.

**ANSWER:** Defendant admits the allegations in Paragraph 9.

10.     The Pension Fund determined that on or about December 16, 2012, Commodore permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

**ANSWER:** Defendant admits the allegations in Paragraph 10.

11.     As a result of the complete withdrawal, Commodore incurred withdrawal liability to the Pension Fund in the principal amount of $1,339,332.93, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

**ANSWER:** Defendant admits the allegations in Paragraph 11.

12.     On or about January 25, 2013, Commodore received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

**ANSWER:** Defendant admits the allegations in Paragraph 12.

13.     In the notice and demand, the Pension Fund notified Commodore that it was required to discharge its withdrawal liability in a lump sum payment of $1,339,332.93 or in

monthly payments, with the first payment due on or before February 1, 2013.

**ANSWER:** Defendant admits the allegations in Paragraph 13.

14.     Commodore remitted the payments that were due on or before the first day of each month for the period of February 1, 2013 through July 1, 2024. However, Commodore has not made any further withdrawal liability payments, including its monthly withdrawal liability payment that was due on or before August 1, 2024.

**ANSWER:** Defendant admits the allegations in Paragraph 14.

15.     On or about December 20, 2024, Commodore received a notice from the Pension Fund, pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due, and which forewarned Commodore of the consequences of its failure to pay such withdrawal liability.

**ANSWER:** Defendant admits the allegations in Paragraph 15.

16.     Since receiving the past due notice, Commodore has not made any payments.

**ANSWER:** Defendant admits the allegations in Paragraph 16.

17.     Although Commodore initiated arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1) to dispute the withdrawal liability, Commodore later dismissed the arbitration with prejudice. Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

**ANSWER:** Defendant admits the allegations in Paragraph 17.

18.     Commodore failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

**ANSWER:** Defendant admits the allegations in Paragraph 18.

19.     The principal balance on the withdrawal liability is $1,260,423.93.

**ANSWER:** Defendant is without information or knowledge to form a belief as to the truth of

the allegations in Paragraph 19.


                                        Respectfully  submitted,

                                        COMMODORE CARTAGE COMPANY,
                                        a Michigan corporation

                               By:      /s/ Todd A. Miller_____


Attorney for the Defendant:

Todd A. Miller (tam@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, *Defendant's Answer to Plaintiffs' Complaint*, with the Clerk of the Court using the CM/ECF system on this 21st day of July 2025, which will send notice of such filings to the following:

Cara M. Anthaney
CENTRAL STATES FUNDS
8647 W. Higgins Road, 8th Floor
Chicago, IL 60631
canthaney@centralstatesfunds.org

/s/ Todd A. Miller

Attorney for the Defendant:

Todd A. Miller (tam@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326