### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 25-cv-3529 |
| v. | ) ) | Judge Manish S. Shah |
| COMMODORE CARTAGE COMPANY, A Michigan corporation, | ) ) ) ) | Magistrate Judge Gabriel A. Fuentes |
| *Defendant.* | ) | |

### PLAINTIFFS' MOTION FOR PROVE-UP OF DAMAGES

NOW COME Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, as Trustee, by and through counsel, and hereby submit Plaintiffs' Motion for Prove-Up of Damages in accordance with the Court's March 6, 2026 minute order (Dkt. 29). In support of this motion, Plaintiffs state as follows:

### BACKGROUND

1. On April 2, 2025, Plaintiffs filed their Complaint in this action to collect unpaid withdrawal liability, interest, statutory damages, attorneys' fees and costs from Defendant, Commodore Cartage Company ("Commodore"), under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq.* (Dkt. 1.)

2. On July 21, 2025, Defendant Commodore filed its Answer to the Complaint. (Dkt. 14)

3. On December 30, 2025, Plaintiffs filed their Motion for Summary Judgment and supporting materials. (Dkt. 19-21.)

4.      On March 6, 2026, the Court granted Plaintiffs' Motion for Summary Judgment, finding that Commodore is liable to Plaintiffs for withdrawal liability in the principal amount of $1,260,423.93. (*See* Dkt. No. 29.) The Court also ruled that in addition to the withdrawal liability, under 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to interest, liquidated damages, reasonable attorney's fees and costs, and directed Plaintiffs to file prove-up materials related to these amounts. *Id.*

5.      Accordingly, Plaintiffs now file this Motion for Prove-Up of Damages.

## CALCULATION OF REQUESTED JUDGMENT AMOUNT

6.      Pursuant to 29 U.S.C. § 1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as delinquent contributions under 29 U.S.C. § 1145. *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992). Accordingly, pursuant to 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to:

a.  the unpaid withdrawal liability principal;

b.  interest on the unpaid withdrawal liability principal;

c.  an amount equal to the greater of: (1) the interest on the unpaid withdrawal liability principal, or (2) liquidated damages as provided under the Plan in an amount not in excess of 20% of the unpaid withdrawal liability;

d.  reasonable attorney's fees and costs; and

e.  such other relief the Court deems appropriate.

An award of these amounts is mandatory. *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (*en banc*).

7.      Pursuant to 29 U.S.C. § 1132(g)(2), and as determined by the Court (*see* Dkt. 29), Commodore owes Plaintiffs withdrawal liability in the principal amount of **$1,260,423.93.**

(Paragraph 10 of Affidavit of Daniel L. Shepard (hereinafter, "Shepard Affidavit, ¶ __."), attached hereto as Exhibit A.)

8. Pursuant to 29 U.S.C. § 1132(g)(2), interest on the unpaid withdrawal liability is computed and charged at the rate set by the plan.

9. Under the Pension Fund's Trust Agreement, interest on unpaid withdrawal liability is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged. (Ex. A, Shepard Aff., ¶ 11.)

10. Using this rate, Commodore owes Plaintiffs interest on the unpaid withdrawal liability in the amount of $196,407.61 through March 23, 2026. (Ex. A, Shepard Aff., ¶ 12.)

11. Pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are also entitled to damages in an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of up to 20% of the unpaid withdrawal liability as provided under the plan.

12. The Pension Fund's Trust Agreement provides for liquidated damages in the amount of twenty percent (20%) of the unpaid withdrawal liability. (Ex. A, Shepard Aff., ¶ 13.)

13. Here, 20% of the unpaid withdrawal liability is equal to $252,084.79 ($1,260,423.93 x 20%), which is greater than the interest on the unpaid withdrawal liability (i.e. $196,407.61). Therefore, Commodore owes liquidated damages in the amount of $252,084.79. (Ex. A, Shepard Aff., ¶ 14.)

14. Pursuant to 29 U.S.C. § 1132(g)(2)(D), Commodore is required to pay all reasonable attorneys' fees and costs incurred in connection with Plaintiffs' claims. Plaintiffs have incurred $5,572.50 in attorneys' fees and $505.00 in costs with respect to their withdrawal liability

claim against Commodore. (Paragraphs 4-8 of Affidavit of Cara M. Anthaney (hereinafter, "Anthaney Affidavit, ¶ __."), attached hereto as Exhibit B.)

15. Pursuant to the terms of the Pension Fund's Trust Agreement, Plaintiffs are entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, with said interest to be compounded annually. (Ex. A, Shepard Aff., ¶ 15.)

16. A copy of Plaintiffs' proposed judgment order is attached hereto as Exhibit C. In accordance with the Court's rules, Plaintiffs' counsel will also submit this proposed order to the Court's proposed order email address.

**WHEREFORE,** Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, as Trustee, request that this Court:

(A) Enter judgment in the total amount of $1,714,993.83 in favor of Plaintiffs and against Defendant Commodore Cartage Company. This amount consists of: (i) $1,260,423.93 in unpaid withdrawal liability; (ii) $196,407.61 in interest (through March 23, 2026); (iii) liquidated damages in the amount of $252,084.79; (iv) $5,572.50 in attorneys' fees; and (v) $505.00 in costs for prosecuting this lawsuit.

(B) Award Plaintiffs post-judgment interest on the entire judgment balance computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, with said interest to be compounded annually; and

(C) Order such other relief that this Court deems just and proper.

Respectfully submitted,

_/s/ Cara M. Anthaney_
(ARDC #6304583)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-939-2367
canthane@centralstatesfunds.org

March 23, 2026                                    *ATTORNEY FOR PLAINTIFFS*

FV: 508424341 / 25410028 / 3/23/2026              5