# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) |
| *Plaintiffs- Judgment Creditors,* | ) Case No. 25-cv-3529 |
| v. | ) Judge Manish S. Shah |
| COMMODORE CARTAGE COMPANY, A Michigan corporation, | ) Magistrate Judge Gabriel A. Fuentes |
| *Defendant- Judgment Debtor.* | ) |

**CITATION IN SUPPLEMENTAL PROCEEDINGS TO DISCOVER ASSETS**

TO: Commodore Cartage Company (hereinafter, the "judgment debtor")
c/o John Quinn, Jr., President
2085 E. West Maple Road
Suite A106
Commerce, MI 48390

YOU ARE HEREBY summoned to be present in person at the Central States Law Department, 8647 West Higgins Road, 8th Floor, Chicago, Illinois 60631 on ***September 30, 2026 at 10:00 am***, and then and there to answer under oath such questions as may be put to you concerning the personal and real property of and/or indebtedness due the above-named judgment debtor, and to abide the further order of the Court.

IF YOU FAIL TO APPEAR FOR THE DEPOSITION AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN A FEDERAL CORRECTIONAL FACILITY.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from enforcement of a judgment, a deduction order or garnishment, belonging to the judgment debtor or to which he or she or it may be entitled or which may hereafter be acquired by or become due to him or her or it, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the Court or the termination of the proceeding, whichever occurs first. You are not required to withhold the payment of any moneys beyond double the amount of the balance due on the judgment. The judgment was entered on March 31, 2026, and the unsatisfied balance is $1,730,322.74 as of May 6, 2026. The Court may punish any party who violates this

restraining provision as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable, or in the amount of the value of the property transferred, whichever is lesser.

YOU ARE FURTHER commanded to produce at Central States Law Department, c/o Cara Anthaney, 8647 West Higgins Road, 8th Floor, Chicago, Illinois, 60631 by ***July 15, 2026 at 10:00 am***, the following documents:

1. All of the judgment debtor's financial statements and schedules and attachments thereto (including but not limited to all balance sheets, profit and loss statements, income statements, summaries or statements of significant activities, schedules of expenses or income, statements of changes in financial position, and notes to financial statements) prepared for fiscal years ending during the calendar years of 2011 to the present.

2. All of the judgment debtor's tax returns and all schedules and attachments thereto prepared for fiscal years ending during 2011 to the present and copies of all presently existing IRS liens against the judgment debtor.

3. All statements (including copies of checks) received from any banks or institutions where the judgment debtor had funds on deposit at any time from January 1, 2023 to the present.

4. Titles or deeds to all real or personal property owned in full or in part by the judgment debtor at any time from January 1, 2011 to the present, all documents relating to the value of such property (including appraisals), and all mortgages, liens, security agreements or financing statements relating to any real or personal property owned in full or in part by the judgment debtor at any time from January 1, 2011 to the present.

5. All documents relating to any real estate from which the judgment debtor has operated during any part of the period of January 1, 2011 through the present, including but not limited to documents relating to the ownership of such real estate.

6. All documents evidencing the judgment debtor's equitable interests in any real property.

7. All documents that indicate or list the accounts receivable of the judgment debtor and all documents that identify the name of, address of, and/or amount owed by any person or entity who owes money to the judgment debtor.

8. All documents that evidence assets owned in full or in part by the judgment debtor including but not limited to:

a) all insurance policies owned or held by the judgment debtor with a cash value;

b) all stock certificates owned by the judgment debtor;

c) all bonds owned by the judgment debtor;

d) all trust instruments relating to any trust of which the judgment debtor is a beneficiary; and

e) all partnership agreements relating to partnerships in which the judgment debtor is either a general or limited partner.

9. Copies of all judgments obtained by the judgment debtor against any individual or entity that are not fully satisfied.

10. Copies of all judgments obtained against the judgment debtor that are not yet fully satisfied.

11. All documents that indicate or list the accounts payable of the judgment debtor.

12. All documents that may contain information concerning the property or income of, or indebtedness due, the judgment debtor.

13. Copies of all lease agreements entered into by the judgment debtor (whether as lessor, lessee, sublessor, sublessee, or otherwise) in force during any part of the calendar years of 2011 to the present.

14. All documents that indicate the shareholders, members or partners of the judgment debtor during any part of the period of January 1, 2011 to present, the percentage or number of ownership units or shares held by any such shareholder, member or partner during any part of that period, and/or any transfer of any ownership interest of the judgment debtor during any part of that period.

15. All documents pertaining to the sale of all, or substantially all, of the judgment debtor's assets during any part of the period of January 1, 2011 to present, including but not limited to, sales agreements (including schedules and attachments), deeds, closing statements, transfer agreements, assignment, and consulting agreements.

16. All documents pertaining to the sale or transfer of any real estate owned in full or in part by the judgment debtor during any part of the period of January 1, 2011 to present, including but not limited to, sales agreements (including schedules and attachments), deeds, closing statements, transfer agreements, assignment, and consulting agreements.

17. All agreements, including but not limited to consulting agreements and agreements not to compete, that were entered into by any of judgment debtor's officers, directors, shareholders, partners or members in connection with the acquisition, transfer, or sale of any of judgment debtor's assets.

18. All documents that identify or relate to any post-January 1, 2011 transfers by the judgment debtor of monies or assets to any officers, directors, shareholders, partners or members of the judgment debtor—or anyone related by blood or marriage to any such officer, director, or

shareholder or any entity or trust owned in full or in part by any such officer, director, shareholder, or relative—including but not limited to any documents evidencing the recipient of, amount of, or reason for such transfers.

19. All documents related to any loans wherein the judgment debtor either loaned money and/or other assets or received a loan of money and/or other assets during any of the years 2011 to the present, including but not limited to, promissory notes, loan agreements, mortgages, security agreements, etc.

20. Any and all documents relating to any loan repayments (whether full or partial) that the judgment debtor has made or received at any time from January 1, 2023 to the present.

21. A copy of the judgment debtor's check ledger for the years 2023 to the present.

22. A copy of the judgment debtor's general ledger for the years 2023 to the present.

23. Copies of the personal state and federal tax returns (and any schedules or attachments thereto) prepared and/or filed during the period of January 1, 2011 to the present for any individual who was a member of the judgment debtor during any part of the period of January 1, 2011 to the present.

24. All documents relating to real estate that any person or entity that was a member of the judgment debtor at any time during the period of January 1, 2011 to the present owned in full or in part during any part of that period, including but not limited to any titles, deeds, mortgages, liens, security agreements, leases, or financing statement relating to such real estate and any documents relating to the value of such real estate.

25. All books, papers, records, or other documents not specifically requested in the foregoing paragraphs that are in your possession, custody, or control and contain information concerning any property or income of, or indebtedness due, the judgment debtor.

MAY 0 6 2026

DATE

CLERK OF THE COURT

DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) | |
| *Plaintiffs- Judgment Creditors,* | ) | Case No. 25-cv-3529 |
| v. | ) | Judge Manish S. Shah |
| COMMODORE CARTAGE COMPANY, A Michigan corporation, | ) | Magistrate Judge Gabriel A. Fuentes |
| *Defendant- Judgment Debtor.* | ) | |

**CERTIFICATION**

I certify that a judgment was entered in the above-captioned case by the above-identified Court in the amount of $1,714,993.83 on March 31, 2026. The remaining unpaid balance (including post-judgment interest) is $1,730,322.74 as of May 6, 2026.

*/s/ Cara Anthaney*
Cara Anthaney (ARDC #6304583)
Central States Pension Fund
8647 W. Higgins Road, 8th Floor
Chicago, IL 60631
(847) 939-2367
canthane@centralstatesfunds.org

May 6, 2026

ATTORNEY FOR CENTRAL STATES

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) | |
| *Plaintiffs- Judgment Creditors,* | ) | Case No. 25-cv-3529 |
| v. | ) | Judge Manish S. Shah |
| COMMODORE CARTAGE COMPANY, A Michigan corporation, | ) | Magistrate Judge Gabriel A. Fuentes |
| *Defendant- Judgment Debtor.* | ) | |

**CITATION NOTICE**

TO: Commodore Cartage Company
c/o John Quinn, Jr., President
2085 E. West Maple Road
Suite A106
Commerce, MI 48390

Name and Address of Court: U.S. District Court, Northern District of Illinois
219 S. Dearborn
Chicago, Illinois 60604

Name of Case: Central States, Southeast and Southwest Areas Pension Fund, et al. v. Commodore Cartage Company

Last Known Address of Judgment Debtor: 2085 E. West Maple Road
Suite A106
Commerce, MI 48390

Name and Address of Attorney for Judgment Creditor: Cara Anthaney
Central States Law Department
8647 W. Higgins Rd. 8th Floor
Chicago, Illinois 60631

Amount of Judgment: $1,714,993.83

| | |
|---|---|
| Name of Person Receiving Citation: | Commodore Cartage Company |
| Document Production Date and Time: | July 15, 2026 at 10:00 a.m. |
| Deposition Date and Time: | September 30, 2026 at 10:00 a.m. |
| Deposition Location: | Central States Funds<br>8647 W. Higgins Road, 8th Floor<br>Chicago, IL 60631 |

NOTICE: The court has issued a citation against the entity or person named above. The citation directs that entity or person to appear at a deposition to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the deposition date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. The JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5) Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION DEPOSITION TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at: Clerk of the United States District Court, 219 S. Dearborn, Chicago, Illinois. Any writing to the Clerk should include the "Name of Case" and "Case Number" referred to on page 1 of this notice and a copy should be provided to counsel for the judgment creditor. When so notified, the Clerk of the Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing. This notice may be sent by regular first-class mail.

*/s/ Cara Anthaney*

Cara Anthaney (ARDC #6304583)
Central States Pension Fund
8647 W. Higgins Road, 8th Floor
Chicago, IL 60631
(847) 939-2367
canthane@centralstatesfunds.org

May 6, 2026

ATTORNEY FOR CENTRAL STATES